No. 5713.

THE MISSOURI PACIFIC RAILROAD COMPANY *v.* J. T. BARTLETT.

1. NEGLIGENCE—DAMAGES—RAILWAY COMPANY.—When no issue is made involving the contributory negligence of the plaintiff who sues a railway company for damages caused by fire emitted from its passing engine, the burden of proof is on the company to show that there was in fact no negligence on its part in causing the damage. If such an issue is made the burden of proof is first upon the plaintiff to show that he was not guilty of negligence.

2. SAME.—If the owner of cotton or other inflammable material designed for shipment on a railroad, deposit it for shipment on a railway platform so near to where the locomotive engines pass as to cause danger of its being ignited by sparks emitted from the locomotive, the railway company in a suit for damages caused by its destruction from fire, would not be required to show that it had used all reasonable and necessary precaution to guard against fire, in order to relieve itself from liability. This rule applied in a case where the company agent had informed the plaintiff a few days before the fire that the company had no cars to transport freight, and when it was shown that the company agent would not receive cotton for shipment unless it was on the platform.

APPEAL from Bell. Tried below before the Hon. W. A. Blackburn.

*R. C. Foster* and *A. E. Wilkinson*, for appellant, cited Texas & Pacific Railway Company v. Levi & Brother, 59 Texas, 674; Rorer on Railroads, volume 2, page 796; Pierce on Railroads,

437, 438; Wharton on Negligence, section 870; Wood on Railroad Law, volume 2, section 328, page 1349.

*W. S. Holman,* for appellee, cited International & Great Northern Railway Company v. Timmerman, 61 Texas, 663, etc.; 1 White & Willson's Civil Cases, sections 838, 839.

This suit was brought by the appellee, J. T. Bartlett, against the appellant, The Missouri Pacific Railway Company, June 9, 1884, in Bell county for the value of thirty-five bales of cotton placed by plaintiff upon defendant's platform for shipment, which he alleged were destroyed by fire from defendant's locomotive through the negligence of the defendant. Plaintiff alleged that he placed fifty-seven bales of cotton on the platform by the consent and acquiescence of defendant's agent; that he had often placed cotton there before under the same circumstances; that the engine from which the fire escaped and its appliances for preventing the escape of fire were defective and out of order and in improper condition, and were negligently operated by defendant's servants and employes, in consequence of which the fire escaped and totally destroyed the said thirty-five bales of cotton of the value of one thousand seven hundred and two dollars and forty-three cents, for which, with eight per cent interest from the time of injury, he sues.

Defendant answered September 29, 1884, by demurrer, general denial and specially that the engine was equipped with all the most approved appliances to prevent the escape of fire, was carefully kept in good order by skillful mechanics, and was skillfully handled by competent employes; that the plaintiff was guilty of negligence in voluntarily placing his cotton in an exposed condition near the track where defendant was operating its engines, a place of great danger and necessarily exposed to fire from passing engines; that no known appliance will entirely prevent the escape of fire from a locomotive, and the cotton being very inflammable, as known to plaintiff, he voluntarily placed his cotton in a dangerous place and himself assumed the risk. There was a jury trial July 1, 1885, and a verdict for the plaintiff for one thousand nine hundred and thirty-seven dollars and eleven cents, for which judgment was rendered.

There was evidence tending to establish plaintiff's case; that he had bought cotton on the fifth, sixth and eighth of October and put it on defendant's platform, fifty seven bales. On the eighth

he boarded the defendant's train to go from Bartlett to Waco, passed by the cotton then, and there was no appearance of fire. The train stopped before passing the platform and then came on by it, heavy smoke coming from the smoke stack; he got on the train and went on to Waco; the grass was set on fire twice as the train passed, and the car next to the engine took fire and burned the inside of it out—all the same day en route to Waco. It was very dry at the time, and it was shown that some of the cotton had been sampled. The platform was in fifteen feet of the main track and in five feet of the switch.

Plaintiffs had customarily placed their cotton on the platform without objection of defendant's agent—the agent would not receive the cotton for shipment unless it was on the platform. No direct permission to store cotton there had been given by the agent but it was allowed. It was done the fall before and all along. Plaintiff had applied to the agent only a day or two before the fire to ship his cotton and was informed that there were no cars. After the platform was destroyed by fire on October 8, 1883, the agent would not allow persons to store cotton on the new platform until it was receipted for by the company. The fire was discovered in the cotton a few minutes after the train passed and totally destroyed plaintiff's thirty-seven bales of cotton. This was the only fire that ever occurred on the platform. Engines passed it often while cotton was stored on it and no accident ever occurred before. The engine was a half mile off when the fire was discovered.

The defendant's engineer in charge of this particular engine had been in the business for thirty years. The defendant's witness testified that the smoke stack and fire arrangement on the engine was known as the Diamond; the pattern had been approved by the Missouri Pacific Railway Company and was in use on all their engines, and was adopted by the O. & M., and the Baldwin Locomotive works used it in preference to any other. The stack and spark arrester were in good repair, the engineer says, and he noticed nothing unusual in the way they worked. There were no appliances that would entirely prevent the escape of fire from an engine. This engine had been used as a passenger engine before, but was then used as a freight engine—the only difference in a passenger and a freight engine was that the former has air brakes—which had been taken off of this engine. There was no date on the engine but it was supposed to be about twelve years old. It was not

proven where it had been in use before it came on this part of the road. It came from the Parsons in good order in August, 1883. The engineer says "the mail car was set fire to on that trip but no one could tell how it originated." He thought "there must have been less fire on that day than others when she was pulling a freight train, because the train was lighter than a freight. * * If more fires were set out that day than others it must have been on account of the wind or weather—the weather was very dry." The engine only ran a passenger train that trip; taking the place of the regular passenger train, which was disabled. Another engine having air brakes was afterwards furnished for the passenger train. It had since been used in pulling freight up to July 3, 1884, without repairs—no repairs were needed up to the time it left there. It was sent to another division. * * On approaching Bartlett where the fire occurred the fireman put in fresh coal, the effect of which would be to cause black smoke but would prevent the escape of fire, because the charred coal is lighter and is easier thrown out by the exhaust.

The court instructed the jury that if from the evidence they were satisfied that plaintiff's cotton was destroyed by fire from defendant's engine then the burden of proof was on the railroad company to show that there was in fact no negligence on its part in causing the fire. This instruction was assigned as error because the weight of evidence was inapplicable to the case at bar.

The only other assignment of error was that the verdict was contrary to the evidence in this, that the evidence clearly established that the loss of plaintiff's cotton, if burned by defendant's locomotive, was due to his own negligence in placing the same in an unnecessarily exposed position.

COLLARD, JUDGE. The charge complained of is a correct charge when the plaintiff has not himself been guilty of negligence in exposing his property to destruction by fire from a passing locomotive. The principle given in the charge is clearly applicable to cases where without fault or negligence of the owner his property is consumed by fire from defendant's engine; but it would not be applicable without qualification in all cases. When the owner is negligent in exposing his property to fire the charge should not be given, and when the negligence of the owner is in issue the charge should be qualified and made to de-

pend upon the fact that the owner was not negligent. If the owner place cotton or other inflammable material so near to passing engines that it would be in danger of being ignited there would be no obligation on the defendant to show that it had used all reasonable and necessary precautions to prevent fires. The person who is himself not guilty of negligence alone is entitled to require defendant to prove its want of negligence. When plaintiff is not guilty of negligence in exposing his property to fire, and when there is no question raised as to his negligence, it is just and proper, if it be affirmatively shown that the fire was communicated by sparks from defendant's locomotive, to require the defendant to show that it used the most approved fire arresters and that they were in good repair, and skillfully operated, but if there be an issue upon the evidence as to contributory negligence of the owner the burden of proof would not be upon the defendant until the plaintiff is exonorated from negligence by the jury. It will not be enough to submit a charge upon contributory negligence of the plaintiff as an independent issue; the charge as to burden of proof would not be correct in such a case without explanations. In the case at bar the charge was given without restrictions and in that we find reversible error. In view of another trial it should be stated that when the burden of proof is thrown upon defendant it would be relieved from such *onus* by its showing it had used all precautions known and approved for the prevention of injury by fires.  (I. & G. N. Ry. Co. v. Timmermann, 61 Texas, 663; T. & P. Ry. Co. v. Levi & Bro., 59 Texas, 677; Ill. Cen. R. R. Co. v. Frazier; Woodson v. Milwaukee R. R. Co., 21 Minn., 60; Fitch v. Pac. Ry. Co., 45 Mo., 322; Wood on Ry. Law, vol. 2, sec. 1347, and other authorities cited in note 3.)

On account of the error indicated in the charge, the judgment should be reversed the cause remanded.

*Reversed and remanded.*

Opinion adopted November 11, 1887.