GULF, COLORADO & SANTA FE RAILWAY COMPANY v. JOE McLEAN.

No. 2698.

**Damages—Custom—Railways.**—A railway company is bound.by a custom acquiesced in by it under which timber is piled up on its right of way for shipment. If it is destroyed by fire originating from one of the company's trains, and without the contributory negligence of the owner of the timber, the railway company is liable in damages.

APPEAL from Lampasas. Tried below before Hon. W. A. Blackburn. The opinion states the case.

*Matthews & Wood,* for appellant.— 1. The plaintiff having placed his posts on defendant's right of way without authority, he became a trespasser on defendant's property, and can not complain that defendant permitted combustible material to accumulate on the right of way, whereby the posts were burned. Railway v. Bingham, 29 Ohio St., 304; Railway v. The State, 62 Md., 479; Railway v. Godfrey, 71 Ill., 500; Sweeney v. Ry. Co., 10 Allen, 368; Lary v. Ry. Co., 78 Ind., 323.

2. The plaintiff was guilty of contributory negligence in placing his posts on the right of way and within twenty feet of defendant's track. Railway v. Levi & Bro., 59 Texas, 674; Post v. Railway, 108 Pa. St., 585; 29 Am. and Eng. Ry. Cases, 181, note; Murphy v. Railway, 45 Wis., 222; Railway v. State, 62 Md., 479; Railway v. Godfrey, 71 Ill., 500.

No brief for appellee has reached the Reporter.

COLLARD, JUDGE.—We can not agree to the proposition of appellant that appellee was a trespasser and that the posts were wrongfully on the right of way. There is no statement of facts in the record, and of course the appellant relies upon the conclusions of fact as found by the court, and accepts them as true. The court found that the appellee "on the 13th day of March, 1886, had piled a large lot of cedar posts on appellant's right of way at Lometa; that he had contracted to sell the cedar post to a party at Santa Anna, but did not on that day have as many as the party wanted; was expecting to secure more posts, and as soon as he received the balance he expected to ship them over defendant's railway, and on that account had piled them within twenty feet of the track; that plaintiff had not been directed or authorized by defendant to pile the posts on the right of way, but it had been customary to pile posts on the right of way for shipment."

We infer from these findings that there was a general permission of defendant to shippers of such freight to use the right of way as plaintiff used it, and that the company received such freight from its right of

way. It is not shown that there was any other place appointed by the company to receive such freight. If the company allowed the custom, acquiesced in it, or received the freight from such place, its consent would be implied. There could hardly be such a custom without its acquiescence. In the absence of proof that the custom was without the company's authority, or that there was some other place fixed to receive such freight, it would not be presumed that it was not recognized by the company.

The court also found that the fire came from one of defendant's trains that stopped opposite the posts; that there was considerable cedar bark on the ground between the track and the posts; that the fire started from where the train hands were working on a "hot box," and was communicated to the posts by the scattered bark and destroyed 859 of them; that it was by defendant's negligence the fire escaped, by its negligence that the cedar bark was allowed to remain on its right of way which communicated fire to the posts, and that plaintiff was guilty of no negligence in placing his posts on the right of way.

It was the province of the court, trying the facts as well as the law, to say whether or not plaintiff was guilty of contributory negligence from all the facts and circumstances.

We presume from the court's findings that other cedar timber had been placed near the same point, from which the bark had been scattered and left on the ground as found by the court.

We find no error in the judgment of the court apparent from its conclusions of fact, and are of opinion it should be affirmed.

*Affirmed.*

Adopted October 29, 1889.