[Southern Railway Co. v. Wilson.]

# Southern Railway Co. *v.* Wilson.

*Action against Railroad Company to recover Damages for Loss of Property by Fire.*

1. *Action against railroad company for destruction of property by fire; sufficiency of complaint.*—In an action against a railroad company to recover damages for destruction of property by fire, where a complaint, which after averring that the servants or employees of the defendant so carelessly and negligently ran the engine or locomotive on the defendant's road that sparks were permitted to escape therefrom, by which sparks fire was communicated to plaintiff's property, lying upon the defendant's platform near its track, then avers that said burning was due to the carelessness or negligence of the defendant's servants or employees in operating and managing said engine, is sufficient as stating a cause of action and is not subject to demurrer.

2. *Same; same.*—In such a case, a count of the complaint which avers that the defendant by its servants or employees negligently permitted fire to be communicated from its engine or locomotive to a lot of cotton, the property of the plaintiff, which cotton at the time it was burned, was lying upon defendant's railroad platform at a station on the defendant's road, sufficiently states a cause of action and is not subject to demurrer.

3. *Same; same.*—In such a case, a count of the complaint which avers that the engine or locomotive operated by the defendant's servants or employees on the day of the fire "was so negligently, carelessly and insufficiently constructed and equipped as to emit large sparks of fire by or from which fire" the plaintiff's cotton was burned while it was lying upon the defendant's railroad platform, is sufficient to state a cause of action and is not subject to demurrer.

4. *Pleading and practice; special pleas setting up no other defense than the general issue properly stricken.*—In a civil suit the striking out by the court, on motion of the plaintiff, of special pleas which set up no other defense than that which can be pleaded under the general issue, involves no injury to the defendant.

5. *Action against railroad company to recover for destruction of property by fire; sufficiency of pleas.*—In an action against a railroad company to recover damages for the destruction of plaintiff's cotton by fire, alleged to have been caused by sparks emitted from the defendant's engine, while operated on its road, by means of which sparks fire was communicated to the defendant's cotton which was at the time lying upon the defendant's platform at one of its stations, pleas which aver that said cotton was placed upon defendant's platform within twenty feet of the railroad track on which defendant's engine was running, and that the same had remained on said pla'form for more than three weeks before the day on which it was burned, and had not been offered by the plaintiff to the defendant for transportation, wherefore the "defendant avers that said plaintiff was guilty of contributory negligence which proximately contributed to the damage as averred in said complaint," are insufficient as pleas of contributory negligence and are subject to demurrer.

6. *Evidence; when permissible for witness to refer to written memoranda.*—Where a witness testifies that written memoranda of facts which are relevant to one of the issues in the case were made by him at the time the facts referred to transpired, and that he knew the memoranda were correct, it is permissible for such witness to refer to the written memoranda for the purpose of refreshing his memory when testifying.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellee, J. P. Wilson, against the appellant, the Southern Railway Company, to recover damages for the burning of cotton, the property of the plaintiff. The complaint as amended contained nine counts. The fifth count was withdrawn by the plaintiff.

The first count of the complaint was in words and figures as follows: "1. The plaintiff claims of the defendant the sum of one thousand dollars damages, for that the defendant, which heretofore, to-wit, on the 7th day of March, 1901, owned and operated a railroad, and which now owns and operates a railroad in Hale county, Alabama, did on, to-wit, the 7th day of March, 1901, by its agents, servants or employes, run and operate an engine or locomotive, with a train of cars attached there-

to over and along its said road in Hale county; and did on said day by its agents, servants or employes so carelessly and negligently run or manage said engine or locomotive that sparks and fire were permitted to escape therefrom, by or from which sparks fire was communicated to, and did partially burn 19 bales of cotton, of the value of one thousand dollars, the property of this plaintiff, which said cotton was at the time lying upon defendant's railroad platform at Sawyerville, a station on defendant's said railroad. And plaintiff avers that said burning was due to the carelessness or negligence of the defendant, its agents, servants or employees operating and managing said engine or locomotive."

The averments of negligence in the remaining counts of the complaint were as follows:

Second count: "And plaintiff avers that the said defendant, by its agents, servants or employes did on said 7th day of March, 1901, while so operating the said engine or locomotive over its said road, negligently permit fire to be communicated from its said engine or locomotive to a lot of cotton consisting of 23 bales, the property of this plaintiff, by which said fire 19 bales of said cotton was partially destroyed, to the damage of this plaintiff in the sum of one thousand dollars. And plaintiff further avers that at the time said cotton was so injured as aforesaid, it was lying upon the defendant's railroad platform at Sawyerville, Ala., a station on the defendant's said road."

Third count: The defendant "did on the said day in March, 1901, while so operating said railroad, through the negligence, want of care or skill of the engineer, or other person, a servant of said defendant, in charge of the engine or locomotive, which had a train of cars attached thereto, permit fire to be communicated from the said engine or locomotive to a lot of cotton, belonging to the plaintiff, consisting of 23 bales, by which said fire 19 bales of said cotton were badly burned and partially destroyed, and plaintiff avers that said cotton was then and there lying upon the defendant's railroad platform at Sawyerville, a station on the defendant's said road."

Fourth count: The defendant "did on the said day in March, 1901, by its agents, servants or employees run and operate an engine or locomotive with a train of cars thereto attached, over and along its said road; and plaintiff avers that the engine or locomotive, so operated by the defendant's agents, servants or employes on said day, on said road, was so negligently, carelessly and insufficiently constructed or equipped as to emit large sparks of fire, by or from which fire 19 bales of cotton of the value of one thousand dollars, the property of the plaintiff, were badly burned and damaged. And plaintiff avers that said cotton was at the time lying upon the defendant's railroad platform at Sawyerville, a railroad station on the defendant's said railroad."

Sixth count: The defendant "did on said day in March, 1901, by its agents, servants or employees run and operate an engine or locomotive with a train of cars thereto attached over and along its said road, and plaintiff avers that the engine or locomotive so operated by the defendant's agents, servants or employees on said day, on said road, was so negligently, carelessly or insufficiently constructed and equipped as to emit large sparks of fire, by or from which fire 19 bales of cotton, of the value of one thousand dollars, the property of the plaintiff, were badly burned and damaged. And plaintiff avers that said cotton was at the time of said burning, lying upon the defendant's platform at Sawyerville, Alabama, a station on defendant's said road."

Seventh count: The defendant "did on said day in March, 1901, by its agents, servants or employes run and operate an engine or locomotive, with a train of cars thereto attached, over and along its said road. And plaintiff avers that the engine or locomotive so operated by the defendant's agents, servants or employees on said day, on said road, was so negligently, carelessly or insufficiently constructed and equipped as to emit sparks of fire, by or from which fire 19 bales of cotton of the value of one thousand dollars, the property of the plaintiff, were badly burned and partially destroyed. And plaintiff avers that said cotton was, at the time of

said burning, lying upon the defendant's platform at Sawyerville, a station on defendant's said road."

The eighth and ninth counts of the complaint were in words and figures as follows: "8th. The plaintiff claims of the defendant the further sum of one thousand dollars for that heretofore, to-wit, on the 7th day of March, 1901, the defendant negligently set fire to, and partially destroyed 19 bales of cotton, the property of the plaintiff, of the value of, to-wit, one thousand dollars, to the plaintiff's great damage as aforesaid.

"9th. The plaintiff claims of the defendant the further sum of one thousand dollars, for that the defendant, which on, to-wit, March 7th, 1901, owned and operated a railroad in Hale county, Alabama, and which now owns and operates said railroad, did on said day, by its agents, servants or employees run and operate an engine or locomotive with a train of cars thereto attached over and along its said road, and plaintiff avers that the engine or locomotive so operated by the defendant's agents, servants, or employee, on said day, on said road was so negligently and carelessly managed, or operated, as to emit large sparks of fire, by or from which 19 bales of cotton, of the value of, to-wit, $1,000, the property of the plaintiff, was partially burned and partially destroyed, and plaintiff avers that said cotton was at the time lying upon defendant's platform at Sawyerville, a railroad station on defendant's said road."

The defendant demurred to the fourth, sixth, and seventh counts as amended, upon the following grounds: "First. That said counts do not show wherein the engine or locomotive was negligently, carelessly or insufficiently constructed and equipped. Second. That neither of said counts show any fact or facts showing that defendant's locomotive or engine was negligently, carelessly or insufficiently constructed and equipped. Third. That said counts do not show in what the said engine or locomotive was not properly equipped or constructed."

To the eighth and ninth counts the defendant filed a demurrer, which was in words and figures as follows: "Comes the defendant and demurrs to counts 8 and 9, added to the complaint by way of amendment. First. Said counts fail to show wherein the alleged negligence consisted. Second. Said counts merely state the conclusions of the pleader. Third. For that no facts are shown which constitute negligence."

These demurrers were overruled, and thereupon the defendant pleaded the general issue and several special plas.

In the second, fourth and fifth pleas the defendant averred that the engine or locomotive mentioned in the complaint was, at the time of the fire, properly constructed and equipped with approved devices and appliances to prevent the escape of sparks or fire, and said engine was in good repair and properly managed and controlled by skillful and competent workmen.

The third, sixth, and seventh pleas were as follows: "3. That the locomotive or engine in plaintiff's said complaint mentioned, was at the time mentioned in said complaint equipped with practical devices to prevent the emission of sparks, and the said engine or locomotive was at such time in good repair, handled by competent workmen; and defendant avers that the cotton in said plaintiff's complaint mentioned, was placed by the plaintiff upon defendant's platform, within, to-wit, 20 feet of the railroad track on which said engine or locomotive was running, and that the same remained on said platform for more than, to-wit, three weeks before the day on which the same was burned, though the said defendant was ready and willing to load and transport said cotton upon its said train; wherefore this defendant avers that the said plaintiff was guilty of contributory negligence which proximately contributed to the damage as in said counts set out."

"6. That the engine or locomotive that caused the fire, as in plaintiff's said counts averred, was at such time properly constructed and was equipped with approved devices and appliances to prevent the escape of sparks of fire, and that the said engine or locomotive

was at such time in good repair, and the same was at such time prudently managed and controlled by skilled and competent workmen, and defendant avers that the cotton in said plaintiff's complaint mentioned, was placed by the plaintiff upon defendant's platform within, to-wit, 20 feet of the railroad track on which said engine or locomotive was running, and that the same remained on said platform for, to-wit, 3 weeks, and during said time the said plaintiff never offered the said cotton to the said defendant or its agents or employees, for transportation upon any of its said trains; wherefore this defendant avers that the said plaintiff was guilty of contributory negligence which proximately contributed to the damages as averred in said complaint."

"7. That the engine or locomotive that caused the fire, as in plaintiff's said counts averred, was at such time properly constructed and was equipped with such devices and appliances as are used by other well regulated roads, to prevent the emission of sparks of fire, and that the said engine or locomotive was at such time in good repair, and the same was at such time prudently managed and controlled by skilled and competent workmen; and defendant avers that the said cotton in said plaintiff's complaint mentioned, was placed by the plaintiff upon defendant's platform within, to-wit, 20 feet of the railroad track on which said engine or locomotive was running, and that the same remained on said platform for, to-wit, 3 weeks, and during said time the plaintiff never offered the said cotton to the said defendant, or its agents or employes for transportation upon any of its said trains; wherefore this defendant avers that the said plaintiff was guilty of contributory negligence which proximately contributed to the damage as averred in said complaint."

The plaintiff moved to strike the second, fourth and fifth pleas, upon the grounds that the defendant could have the benefit of all the defenses set up in said pleas under the plea of the general issue. The court sustained this motion and ordered said pleas stricken from the file.

To the third, sixth and seventh pleas the plaintiff separately demurred upon the following grounds: 1. Because said plea shows on its face that said defendant knew of said cotton being on said platform, and said plea wholly fails to deny that the defendant did not permit the plaintiff to place his said cotton on said platform, or that said cotton did not remain thereon by consent of the defendant." 2. "Because said plea wholly fails to aver how or in what way the placing of said cotton of plaintiff's on defendant's platform, proximately contributed to the injury complained of in said complaint." 3. "Because said plea assumes as a matter of law that the placing of said cotton upon said platform, by said plaintiff, in the manner and in the way stated in said plea was negligence on the part of the plaintiff, proximately contributing to the injury, without averring how, or in what way, the placing of said cotton on said platform in the manner stated, was negligence on the part of said plaintiff." 4. "Because the averments of said plea show facts that charge the defendant with knowledge of the presence of said cotton on said platform, and the plea fails to deny that the defendant objected to the placing of said cotton on said platform, or did not acquiesce in its remaining thereon." 5. "Because said plea fails to aver that said cotton was placed by the plaintiff in such close proximity to the defendant's said railroad track as to incur the damage of being burned, or fired by passing engines, or locomotives equipped with appliances that are most in use and best approved."

The demurrers to the third, sixth and seventh pleas were sustained, and the cause was tried upon issue joined upon the plea of the general issue.

It was shown by the evidence that the cotton which was burned had been placed by the plaintiff upon the platform connected with the depot of the defendant at Sawyerville, a station on the defendant's road in Hale county; that this platform was without cover and was about 15 or 20 feet removed from the defendant's main line, and was built by the side track at said station; that on the morning the cotton was burned the defend-

ant's train stopped at Sawyerville several minutes; that just after the train had left and before it had gone more than a mile and was still in sight, the cotton on this platform was discovered to be on fire; that there were 23 or 24 bales of cotton on the platform and were headed up; that when the fire was discovered it was about the middle of the cotton on the platform; that the fire quickly spread over the other cotton and damaged the same; that it was a bright and warm day.

There was evidence introduced by the plaintiff tending to show that on the day his cotton was burned there was no fire in any of the stores near the platform and no fire anywhere about the cotton except in the engine which had stopped at the station; that when the train stopped at Sawyerville the engineer repaired his engine; that the fireman also cleaned out the ash pan by pulling out the coals, ashes, etc., therefrom; that in cleaning out the ash pan there was pulled out from the engine and left on the track, live coals of fire; that said engine emitted unusually large sparks and in unusual quantities.

The plaintiff as a witness in his own behalf testified to the value of the cotton destroyed and to the extent he was damaged by the fire. He also testified that it was necessary to repack the burned cotton, and that before packing it it had to be picked in order to get the burned portion from the part that was not burned; that at the time of re-packing, he made a written memoranda of what it cast him; that he entered this memoranda himself upon a note book and that the entries thereon were correct. When asked as to what it cost to re-pack the cotton, the plaintiff stated that he could not tell without referring to the memoranda which he had made; and thereupon he referred to the memoranda and testified as to the cost of re-packing, etc. To the introduction of this evidence the defendant objected, upon the ground that it was incompetent, irrelevant and immaterial, and that the book was the best evidence, and that it was not shown that the entries in the book were correct. The court overruled each of such objections, and to each of these rulings the defendant duly excepted.

Vor. 138.

[Southern Railway Co. v. Wilson.]

The evidence introduced by the defendant tended to show that the engine which passed Sawyerville on the morning the plaintiff's cotton was burned, was in good repair and properly equipped with such spark arresters and other devices as were in use on well regulated railroads. The engineer who was on the engine on the morning the cotton was burned testified that the repairs he made on the engine at Sawyerville were very slight and were not in reference to the spark arrester or in any way connected with the emission of sparks from the engine; that the engine was, as a matter of fact, in good repair on that morning, and did not emit an unusually large quantity of sparks or of unusual size.

Under the opinion on the present appeal it is unnecessary to set out in detail the rulings upon the evidence to which the defendant reserved exceptions.

The court at the request of the plaintiff gave to the jury the following written charge: (1.) "If the jury are reasonably satisfied from the evidence that plaintiff's cotton was burned or damaged as the result of negligence on the part of defendant, either in the construction and equipment of its engine, or in the operation and management of the engine at the time, then the jury should find a verdict for the plaintiff." To the giving of this charge the defendant duly excepted.

The defendant separately requested the court to give the general affirmative charge as to the complaint as a whole, and also the general affirmative charge in reference to each of the counts of the complaint. The court refused to give each of such charges as asked by the defendant, and to each refusal the defendant separately excepted.

There were verdict and judgment for the plaintiff, assessing his damages at $317.20. The defendant made a motion for a new trial, assigning as ground therefor that the verdict was contrary to the law and the evidence; that the damages assessed were excessive, and that the court erred in its rulings upon the evidence and upon the refusal to give the charges asked by the defendant. each of such rulings being assigned as a separate ground.

[Southern Railway Co. v. Wilson.]

On the hearing of the motion, the plaintiff in open court, consented that the damages assessed by the jury be reduced to the sum of $221.31. Thereupon the court overruled the motion for a new trial, and to this ruling the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

PETTUS, JEFFRIES & PARTRIDGE and A. M. TUNSTALL, for appellant.—In pleading contributory negligence it may be said as a general proposition that the requirements do not go beyond what would be a good averment of negligence. All that need be averred are the facts constituting the negligence, and that these facts contributed proximately to the injury for which damages are claimed.—*Gulf R. Co. v. Simonton,* 2 Tex. Civ. App. 558; *L. & N. R. R. Co. v. Mothershed,* 110 Ala. 143; *A. G. S. R. R. Co. v. Roach,* 110 Ala. 266.

If the facts averred in defendant's pleas numbered 3, 6, and 7, are sufficient to show contributory negligence of the plaintiff, then the demurrers to said pleas should have been overruled; and the sustaining of said demurrers was error. While it is true that in a case of this kind a plaintiff can hardly be guilty of contributory negligence so far as his own premises are concerned, on the theory that one is never required to anticipate negligence, (*L. & N. R. R. Co. v. Marbury L. Co.,* 125 Ala. 237, 260), yet there can be no doubt that where the property destroyed was on the premises of the company without the consent of the latter, and not for the purpose of shipment, an exposure of it, so that it is destroyed by fire, if such exposure contributed proximately to the injury, will defeat a recovery by the plaintiff.—*Post v. B., P. & W. R. Co.,* 108 Pa. St. 585; *Goodhue v. Grand T. R. Co.,* 3 Montr. L. R. 114; *Philadelphia, etc. R. Co. v. Yeiser,* 8 Pa. St. 366.

The court erred in refusing to give the several charges requested by the defendant.—*Bell v. A. M. R. Co., supra; L. & N. R. R. Co. v. Mitchell,* (Ky.) 29 S. W. 860; *Finkelston v. Chicago,* 94 Wis. 270; *M. & W. R. R. Co. v.*

*McConnell,* 31 Ga. 133; *Hoffman v. King,* 160 N. Y. 618, and cases cited in the opinion; *Marvin v. C., M. & St. P. R. Co.,* 11 L. R. A. 506; *Kellogg v. C. & N. W. R. R. Co.,* 26 Wis. 258; *Indiana, I. & I. R. Co. v. Hawthorne,* 84 Ill. App. 39; *Denver & R. G. R. Co. v. Morton,* 3 Colo. App. 115; *M., K. & T. Ry. Co. of Texas, v. Fulmore,* (Texas) 29 S. W. Rep. 688; *Bennett v. M., K. & T. Ry. Co.,* (Texas) 32 S. W. Rep. 834.

THOMAS E. KNIGHT, *contra.*—The complaint as amended, and each count thereof, was sufficient, and free from the objections raised by the demurrers.—9 Enc. Pl. & Pr., pp. 2, 3, and notes thereunder; *Ala. Gt. S. R. Co. v. Taylor,* 29 So. Rep. 673; *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237.

The pleas of the defendant were insufficient and the demurrers thereto were properly sustained.—13 Amer. & Eng. Enc. of Law (2d ed.), 487, 488, and notes; *Railroad Co. v. Nelson,* 51 Ind. 150; *Railroad Co. v. Noell,* 77 Ind. 110; *Railroad Co. v. Ross,* 7 Tex. Civ. App. 653; *Railroad Co. v. Railroad Co.,* 74 Texas Rep. 646; *Slossen v. R. R. Co.,* 60 Iowa, 215; *Grand Trunk R. R. Co. v. Richardson,* 91 U. S. 454; *Gulf, etc. R. Co. v. McLean,* 74 Texas, 646.

The court did not err in its rulings upon the evidence, or upon the charges requested.—*L. & N. R. R. Co. v. Reese,* 85 Ala. 497; *L. & N. R. R. Co. v. Malone,* 109 Ala. 509; *L. & N. R. R. Co. v. Malone,* 116 Ala. 600; *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237; *A. G. S. Railroad Co. v. Taylor,* 20 So. Rep. 673; 13 Amer. & Eng. Ency. Law (2d ed.), pp. 498, 512, and notes thereunder.

SHARPE, J.—To the complaint as it stood after the same was altered by amendment and by the striking out of parts on defendant's motion, the demurrer raised no good objection. Whether the eighth count was too general in its averment of negligence is not in question, since the only demurrer to it included the ninth count which was sufficiently specific in that regard. It was not improper for the complaint to show that the cotton when burned was on defendant's platform, and it was

not essential to the statement of a *prima facie* cause of action for the complaint to aver it was so located by defendant's consent, or to otherwise account for the presence of the cotton on the platform; for there is no presumption that it was there through the plaintiff's wrong or under circumstances relieving defendant of the general duty which under ordinary circumstances the law imposes on all persons, and which requires of each the observance of ordinary care for the avoidance of injury to the property of another. The averments which in each count purport to charge defendant with negligence, sufficiently imply that it was under, and was guilty of a violation of, such duty, though they may be insufficient to show it was under the stricter obligation of a common carrier, or of a warehouseman.

Under the general issue, defendant had the right to prove all it could have proved under pleas 2, 4 and 5, and, therefore, the striking out of those pleas involved no injury.

Plaintiff was not bound to anticipate negligence on the part of defendant. In the absence of notice to him that the engine was in fact so constructed, equipped and operated, as to endanger the cotton, the mere placing and keeping of the cotton on the platform cannot be held as a matter of law to have been negligent conduct on his part, or to have been the proximate cause of the loss.—*Grand Trunk R. R. Co. v. Richardson*, 91 U. S. 454; *G. & S. F. R. R. Co. v. McLean*, 74 Tex. 646; 12 S. W. Rep. 843; *T. & P. R. R. Co. v. Levine* (Tex. Ct. App.) 29 S. W. Rep. 514; 13 Am. & Eng. Ency. Law, 487. The contrary was assumed in pleas 3, 6, and 7, and, therefore, treating them as pleas of contributory negligence, they are each subject to the demurrers. So much of these pleas as denied the complainant's averments of negligence was covered by the plea of the general issue.

The cost of repacking the cotton, after the fire, was an element of damages as to which plaintiff was properly allowed to testify, and having testified that written memoranda of the value of the bagging used on the cotton, of the cost of repacking it, and of the weights of

the cotton before and after the fire, was made by him at the time of repacking, and was known to him to be correct, it was permissible for him to refer to that writing for the purpose of refreshing his memory when testifying.—3 Mayfield's Digest, 526, § 1761.

There are numerous assignments of error based on the admission of evidence which will not be referred to in detail, but which have all been considered and found to afford no ground for reversal. The evidence to which they have reference has all some relevancy to the issues of negligence *vel non,* or to the question of damages, or to show, within the latitude allowable in cross examination, bias on the part of some witness examined by defendant. If it be conceded that some of it adduced after defendant had rested in its introduction of evidence, was not strictly in rebuttal, still the order of its admission was within the discretion of the court.—8 Ency. Pl. & Pr., 132.

Defendant was not entitled to have the jury instructed in the terms of either of its refused charges.

In view of the record, including the evidence, we are unable to determine that the court erred in overruling, after reducing the amount of the verdict, the motion for a new trial.

Judgment affirmed.