FLORIDA RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. S. P. BATTLE AND NELSON WINSTON, *Defendants in Error*.

1. There was no reversible error in sustaining demurrer to a special plea, where the case was tried upon a plea of not guilty, and the defendant was permitted to introduce evidence in support of the matters set up in the special plea.

2. Where the plaintiffs, with the consent of a railroad company, delivered crossties upon the right-of-way of the company for purpose of shipment and the crossties were burned by negligent escape of sparks from a locomotive engine, in the absence of notice to plaintiff that the engine was constructed so as to endanger the crossties, the mere placing of them on the right-of-way cannot be held as matter of law to have been contributory negligence on the part of plaintiffs.

This case was decided by Division B.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*O. O. McCollum,* for Plaintiff in Error;

*L. E. Roberson,* for Defendant in Error.

PARKHILL, J.—The defendants in error brought suit against the plaintiff in error to recover the value of cross-ties alleged to have been negligently burned and recovered judgment. The cause was referred to John F. Harrell, Esq., for trial, the order of reference being as follows:

"In the above entitled cause it is hereby agreed by and between the attorneys for the plaintiffs and defendant, respectively, that this cause be referred to some attorney at law as referee for the purpose of trial and determination.

L. E. Roberson, Attorney for Plaintiffs.

Carter & McCollum, Attorneys for Defendant.

Agreeable to the foregoing agreement between attorneys for the plaintiffs and defendant, it is hereby considered, ordered and adjudged that said cause be referred to John F. Harrell, Esq., attorney at law, for trial and determination as referee herein.

Done and ordered in open court at Live Oak, Florida, this the 9th day of November, A. D. 1909.

B. H. Palmer, Judge."

The only objection to this order of reference is that "this order does not specifically, by its phraseology, authorize such trial." This objection is not well taken. The agreement between the parties and the order of the court show that this cause was referred "for *trial* and *determination.*"

There was no reversible error in the referee's order sustaining plaintiffs' demurrer to defendant's second plea, for the reason that the case was afterwards tried upon a plea of not guilty, and the defendant was permitted

to introduce evidence in support of the matters set up in this special plea, the referee having regarded the plea as being equivalent to the general issue and the defendant having had the benefit of evidence which might have been offered in support of it. Gainesville & Gulf R. Co. v. Peck, 55 Fla. 402, 46 South. Rep. 1019.

There was no error in the order sustaining the demurrer to the 4th plea.

The Fourth plea was as follows:

"4th. And for a fourth plea to plaintiffs' amended declaration defendant says that plaintiffs placed their said crossties upon the right of way of defendant with full knowledge that locomotive engines propelled by steam would be operated daily over the line of railway of defendant along and by the same and that their. said crossties would be subject to the damages arising from the escape of sparks from the locomotive engines of the defendant, and that plaintiffs thereby assumed the hazards incident to the said risk."

The declaration alleges that by and with the consent of the said defendant the plaintiffs delivered the said crossties upon the right of way of the said defendant for the purpose of loading said crossties upon cars to be furnished by the said defendant to the said plaintiffs and shipping the same over the line. of railroad of the said defendant, and while the plaintiffs were waiting for cars to be so furnished the crossties were burned by the negligence and carelessness of the defendant's permitting sparks of fire to negligently escape from its locomotive engine that was not properly provided with a spark arrester, etc.

The plea does not *show* that the plaintiffs were trespassers.

Plaintiffs were not bound to anticipate negligence on the part of defendant. In the absence of notice to them that the engine was in fact so constructed, equipped and operated as to endanger the crossties, the mere placing and keeping them on the right of way with the consent of the defendant, cannot be held as a matter of law to have been negligent conduct on their part, or to have been the proximate cause of the loss. The contrary was assumed in the fourth plea, and, therefore, treating it as a plea of contributory negligence, it is subject to demurrer. Southern R. Co. v. Wilson, 138 Ala. 510, 35 South. Rep. 561.

In Pittsburgh, C. & St. L. R. R. Co. v. Noel, 77 Ind. 110, the court said that "the appellee piled his wood upon the right of way of the defendant about six feet from the track, and that the wood so piled was more likely or liable to take fire and burn from sparks or coals emitted from the locomotives of the defendant, than if it had been left where it was cut or upon the land of plaintiff. It is insisted that these facts show clearly that the plaintiff was guilty of negligence which contributed to his loss, and for that reason is not entitled to recover. We do not think it a necessary or even proper inference, from these facts alone, that there was contributory negligence on the part of the plaintiff."

We think the evidence sufficient to support the finding of the referee who heard the witnesses testify.

The judgment is affirmed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.