MISSOURI, K. & T. RY. CO. OF TEXAS v. PRICE.

(Court of Civil Appeals of Texas. Texarkana. Nov. 2, 1911.)

1. APPEAL AND ERROR (§ 1064*)—FIRES—INSTRUCTIONS.

Where plaintiff in an action against a railroad company for loss of goods by fire makes a prima facie case of liability, and there is no attempt to rebut such evidence, any error in instructions as to the duty of defendant to use the best appliances to prevent the escape of sparks from its locomotive is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219–4224; Dec. Dig. § 1064.*]

2. TRIAL (§ 253*)—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In an action for damages for the loss of property stored in a warehouse on defendant's right of way by fire caused by sparks from defendant's engines, where there was evidence that plaintiff was using the warehouse, and that the accumulation of shucks in which the fire started around it resulted from the use he was making of it, and was a condition which he might have remedied, the omission of a charge as to contributory negligence was error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

3. RAILROADS (§ 454*) — FIRES — APPLIANCES TO PREVENT ESCAPE OF FIRE.

The duty of a railroad to equip its engines with appliances to prevent escape of fire is not absolute, but it is only required to use ordinary care to accomplish that end.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1668–1671; Dec. Dig. § 454.*]

Appeal from Montague County Court; A. W. Ritchie, Judge.

Action by W. E. Price against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Coke, Miller & Coke and Speer & Weldon, for appellant. W. T. Russell, for appellee.

HODGES, J. The appellee, W. E. Price, recovered a judgment in the court below for damages resulting from the destruction of a quantity of hay and corn by fire. The hay and corn had been placed in a warehouse belonging to one Clark Hood, but which was situated on the appellant's right of way and within 25 feet of the track of its main line in the town of Nocona.

[1] The plaintiff in the court below offered evidence sufficient to justify the finding by the jury that the fire originated from sparks emitted by one of the appellant's locomotives. There was no testimony offered by the appellant tending to show the condition of the appliances for the prevention of the escape of sparks with which its locomotive was equipped, or that any had been provided. Neither was there any evidence tending to show whether or not the locomotive upon that occasion had been carefully operated. The court gave the following charge: "If you find and believe from a preponderance of the evidence that plaintiff's corn and hay was destroyed, as alleged by him in his petition, by sparks emitted by the defendant company's engine, then such facts constitute a prim facie case of negligence on the part of the defendant, and, in the absence of rebutting evidence sufficient to overcome such prima facie case of negligence, will render the company liable for the in-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

jury occasioned thereby, and you will find for plaintiff, and assess his damages at the reasonable market value of corn and hay at the time and place with legal interest thereon from that date to the present time, unless you further find that the engine at the time of the fire was in good repair' and skillfully handled by competent employés, and that it was equipped and supplied with appliances, considered among the best by practical railroad men, to prevent the escape of sparks and fire, and that said appliances were in good order, and that the servants and employés of defendant did not negligently permit the escape of fire therefrom, and, if you so find, you will find for the defendant, although you may believe that fire was caused by sparks from the engine operated by the defendant company." In view of the fact that there was no attempt to rebut the prima facie case made by the testimony offered in behalf of the appellee, it follows that any error which the court may have committed in the foregoing and other instructions with reference to the duty of railway companies to use the best appliances for preventing the escape of sparks from their locomotives becomes practically harmless.

[2] Among other defenses interposed by the defendant in the court below was that of contributory negligence generally. It will be observed that the provisions of the charge quoted above ignored that defense entirely. This was manifestly error if the testimony raised that issue. G., C. & S. F. Ry. Co. v. McLean, 74 Tex. 646, 12 S. W. 843; M. P. Ry. Co. v. Bartlett, 69 Tex. 79, 6 S. W. 549; T. & P. Ry. Co. v. Levi, 59 Tex. 677. The appellee testified upon the trial substantially as follows: That the corn and hay were put in the warehouse a few days before it burned; that he put it there just as he bought it, and bought it by the load; that he was simply concentrating it in that warehouse, and expected to ship out when he got ready; that he really intended to ship as soon as he got a car load; that at the time of the fire he lacked 200 or 300 bushels of having enough corn to make a car load; that, had he continued to buy at the rate at which he had been buying, it would have required two or three days more to finish the car load. The company placed cars and loaded grain into them from this warehouse. He had not told the agent of the appellant that he wanted to ship this particular corn out. The warehouse had been used ever since he had known it for loading grain into cars for shipping. The railroad company had no other house or depot of any kind at that place where they could load cars with grain or hay, and "this was used both for loading and unloading stuff of that character." Willburn Frye testified for the appellee substantially as follows concerning

the origin of the fire: The fire occurred on the afternoon of Sunday. The witness was about 200 or 300 yards distant, and from where he stood he had observed the freight train as it passed by this warehouse. When he first noticed the fire, it was a little blaze on the north side of the warehouse, in a pile of shucks. There was just a small blaze running up a little piece. He had noticed the train as it passed there, was watching it at the time. The warehouse was entirely consumed, and all of its contents. There was a "right smart pile of shucks" on the north side of that building. People had been unloading grain there from wagons for several days, and the shucks were piled up there until there was a "right smart pile of them." This evidence raised the issue of contributory negligence, and the right of the appellee to recover upon the facts established should have been qualified by making it contingent upon a finding that he was not himself guilty of negligence which contributed to the loss. Price was using the warehouse for his own convenience as a place for collecting grain and hay which he was buying with a view of shipping at some future time not definitely fixed. The accumulation of shucks around the building was incident to and resulted from the use he was making of it, and was a condition which he might have remedied.

[3] In view of the fact that the case must be reversed upon the ground above referred to, it is, perhaps, proper to direct the trial court's attention to the repeated decisions of the appellate courts of this state relative to the duty of railway companies in equipping their locomotives with appliances to prevent the escape of fire. That duty is not absolute, but such companies are only required to use ordinary care to accomplish that end. See M., K. & T. Ry. Co. v. Carter, 95 Tex. 484, 68 S. W. 159; Railway Co. v. Foth, 101 Tex. 133, 100 S. W. 171, 105 S. W. 322.

As to the rule governing instructions relative to the burden of proof in such cases, see G., C. & S. F. Ry. Co. v. Johnson, 92 Tex. 596, 50 S.W. 563.

The remaining assignments are without merit.

For the error in giving the charge quoted above, the judgment is reversed, and the cause remanded.